## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| T.Y., as Parent and Next Friend of P.Y., a Minor, | |
| Plaintiffs, | |
| v. | |
| SHAWNEE MISSION SCHOOL DISTRICT USD 512, <u>Serve at Administrative Center</u>: 8200 W. 71st Street Shawnee Mission, KS 66204 | Case No. |
| JIM HINSON, in his individual capacity, <u>Serve at Place of Residence</u>: 14701 W 74th St Shawnee, KS 66216 | JURY TRIAL DEMAND |
| JEREMY MCDONELL, in his individual capacity, <u>Serve at Place of Employment</u>: 9300 Nieman Road Overland Park, KS 66214 | |
| JADE PETERS, in her individual capacity, and <u>Serve at Place of Residence</u>: 9429 Falcon Ridge Dr Lenexa, KS 66220 | |
| CRAIG DENNY, in his individual capacity, <u>Serve at Place of Employment</u>: 8200 W. 71st Street Shawnee Mission, KS 66204 | |
| Defendants. | |

## <u>COMPLAINT FOR DAMAGES</u>

Plaintiff P.Y., through her attorneys and through her Next Friend and Natural

Father, T.Y., and for her Complaint against Defendants states and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff P.Y. is, and at all time relevant to the allegations in this Complaint, was a minor resident of Johnson County, Kansas.

2.      Plaintiff P.Y., a minor female student, attended eighth grade at Westridge Middle School in the Shawnee Mission School District, USD 512, at the time she was injured as alleged herein.

3.      Plaintiff T.Y. is the natural father of P.Y.

4.      Plaintiff T.Y. is the natural father, guardian and next friend of P.Y.

5.      Plaintiff T.Y. is, and at all times relevant to the allegations in this Complaint, was an adult resident of Johnson County, Kansas.

6.      As such, T.Y. is the appropriate party to be appointed by the Court as Next Friend of P.Y. for the purposes of pursuing the following causes of action against the above-named Defendants.

7.      The anonymity of the Plaintiffs is necessary to protect the identity of minor Plaintiff P.Y., but the Plaintiffs are agreeable to disclosing their identities to the Court subject to appropriate protective orders and/or as the Court may otherwise direct. Plaintiffs' anonymity in the pleadings will not prejudice Defendants in any way.

8.      Defendant Shawnee Mission School District, USD 512 is a public school district organized under the laws and regulations of the State of Kansas, as well as the Kansas Board of Education.

9.      Defendant Shawnee Mission School District USD 512 receives federal financial assistance.

10. Defendant Shawnee Mission School District USD 512 is an accredited school district in Kansas, with its Administrative Center located 8200 W. 71st Street, Shawnee Mission, Kansas 66204.

11. Defendant Jim Hinson is a resident of the State of Kansas who was at all relevant times herein the Superintendent of the Shawnee Mission School District.

12. Defendant Jeremy McDonell is a resident of the State of Kansas who was at all relevant times herein the Principal of Westridge Middle School.

13. Defendant Jade Peters is a resident of the State of Kansas who was at all relevant times herein the Assistant Principle at Westridge Middle School.

14. Defendant Craig Denny is a resident of the State of Kansas who was at all relevant times herein the Shawnee Mission School Board Vice President and represented the area in which Westridge Middle School is located.

15. Plaintiff alleges that each of the Defendants performed, participated in, aided and/or abetted in some manner the acts averred in this Complaint, proximately caused the damages averred below, and are liable to Plaintiff for the damages and other relief sought.

16. Jurisdiction of this Court is proper under 28 U.S.C. § 1331 as Plaintiff asserts claims under 20 U.S.C. § 1681 (Title IX) and 42 U.S.C. § 1983.

17. This Court has jurisdiction over the matter because Defendants' acts and omissions alleged herein occurred in Overland Park, Kansas.

18. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

19. In May 2017, Plaintiff was enrolled in the eighth grade at Westridge Middle School.

20.    On May 1, 2017, Plaintiff was assigned to study hall in a classroom at Westridge Middle School, along with other students.

21.    Two teachers were assigned to supervise Plaintiff's study hall classroom.

22.    During study hall, Plaintiff was seated next to a male student ("the perpetrator").

23.    While sitting in the study hall classroom, the perpetrator forcibly put his hands down Plaintiff's pants and penetrated her, entirely against Plaintiff's will.

24.    As the perpetrator was forcing himself onto Plaintiff, Plaintiff was shocked and frightened. Plaintiff froze and was unable to immediately react.

25.    Two teachers were in the room at the same time that the perpetrator sexually assaulted Plaintiff.

26.    The teachers overseeing the study hall had the duty and responsibility to carefully and properly supervise the students and protect their safety and protect Plaintiff and other students from an unreasonable risk of harm such as the type of harm that occurred to Plaintiff as alleged herein.

27.    Between May 1, 2017 and May 3, 2017, school officials were made aware of the perpetrator's sexual assault of Plaintiff.

28.    The School Resource Officer ("SRO"), Officer Harrison, who at all times relevant to the allegations herein was a full-time law enforcement official stationed at Westridge Middle School, was made aware of the sexual assault and took Plaintiff's statement regarding the event.

29.    As part of the SRO's investigation of the sexual assault of Plaintiff, he gathered the school records of the perpetrator.

30.     In the perpetrator's school records, the SRO located reports of three prior incidents where female students complained that the perpetrator had sexually assaulted them in a manner similar to the assault Plaintiff endured.

31.     Westridge Middle School had received all three complaints prior to December 2016, and before Plaintiff was assaulted.

32.     Defendant District was aware of the three previous sexual assault allegations against the perpetrator, but chose not to report them to law enforcement authorities.

33.     Eventually, the male perpetrator was issued a ten-day suspension, but was permitted to apply non-school days occurring during spring break to apply toward his ten days of suspension.

34.     Plaintiff was previously suspended for an unrelated event, and Plaintiff was not permitted to apply non-school days toward her total number of days of suspension.  The male perpetrator was given preferential treatment in that manner.

35.     Since Plaintiff initially reported the assault and harassment, she has had trouble talking about the assault due to feelings of shame and fear.

36.     To date, Defendants have not offered counseling or any other type of mental health services to Plaintiff.

37.     As a result of the harassment and assault Plaintiff experienced, and Defendants' failure to prevent the assault and otherwise take appropriate remedial actions to address the assault and assist Plaintiff, Plaintiff's grades have suffered among other damages Plaintiff has experienced.

38.     Following the assault, Plaintiff went out to eat with her family and saw the perpetrator at the restaurant, which caused Plaintiff great upset.

39.     Due to the Defendants' acts and omissions, and in particular the omissions by Defendants McDonnell and Peters, Plaintiff struggles to go out in public, even with her family, due to fear of running into the perpetrator again.

40.     Defendants Hinson, McDonnell, Peters and Denny failed to take steps to prevent or address the harm to Plaintiff, including but not limited to, fully investigating complaints of the perpetrator's similar assaults on other female students; preventing the perpetrator from assaulting additional students, including Plaintiff, by removing him from the school; educating faculty and students about District policies and procedures to prevent and address sexual assault such as the District's anti-harassment policies; and training faculty and students to prevent sexual assaults and sexual contact between students in the future.

41.     Defendants not only failed to properly address, investigate, and remedy the prior incidents of sexual assault by the perpetrator, but thereby also fostered and promoted the additional assault of Plaintiff by the same perpetrator.

42.     Based on information and belief, Defendant District has policies and procedures in place to prevent and remedy harassment, discrimination and/or violence suffered by all students, and must take appropriate action to prevent and remedy such harms.

43.     Specifically, the Westridge Middle School student handbook's policy concerning "Harassment" provides:

> **Harassment** Discrimination on the basis of race, ethnicity, disability, religion, or sex in educational institutions will not be tolerated. Such behavior is inappropriate and in violation of Board Policy JCE. All complaints of harassment will be thoroughly investigated and resolved in a prompt and equitable manner. All complaints will be confidential, and reported to the appropriate

authorities. Violations of this policy will be treated as serious disciplinary infractions and may result in suspension or expulsion.

44.     Similarly, the Shawnee Mission School District handbook policy regarding

"Harassment" provides:

> **<u>Harassment</u>**: Discrimination on the basis of race, ethnicity, disability, religion, or sex in educational institutions will not be tolerated. Such behavior is inappropriate and in violation of Board Policy JCE. All complaints of harassment will be thoroughly investigated and resolved in a prompt and equitable manner. All complaints will be confidential, and reported to the appropriate authorities. Violations of this policy will be treated as serious disciplinary infractions and may result in suspension or expulsion.

45.     Shawnee Mission School District Policy JCE states as follows, concerning

discrimination, harassment, and the handling of complaints thereof:

> The district is committed to maintaining a working and learning environment free from discrimination, insult, intimidation, or harassment due to race, color, religion, sex, age, national origin, or disability.

> Any incident of discrimination including acts of discriminatory harassment shall promptly be reported for investigation and corrective action by the building principal or deputy superintendent. Any student who engages in discriminatory conduct shall be subject to disciplinary action, up to and including expulsion from school.

> Discrimination and discriminatory harassment against any student on the basis of race, color, national origin, sex, disability, or religion in the admission or access to, or treatment in the district's programs and activities is prohibited. The deputy superintendent, who may be reached at 8200 W. 71st Street, Shawnee Mission, Kansas, 66204 or at (913) 993-6413, has been designated to coordinate compliance with nondiscrimination requirements contained in Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, Section 504 of the Rehabilitation Act of 1973, and The Americans with Disabilities Act of 1990.

> <u>Complaints About Discrimination, Harassment, or Bullying</u>
> Any student who believes that he or she has been discriminated against, harassed, or bullied may file a complaint with the building principal, another administrator, the guidance counselor, or

another certified staff member.  Any school employee who receives a complaint of discrimination, harassment, or bullying from a student shall inform the student of the employee's obligation to report the complaint and any proposed resolution of the complaint to the building principal.  If the building principal is the alleged harasser, the report shall be made to the deputy superintendent.  Any student complaint of discrimination shall be resolved under the district's discrimination complaint procedures.

46.     The District's policy regarding "Disciplinary Action for Misconduct" provides:

> **Disciplinary Action for Misconduct**: The school principal, or his/her designee, is authorized to temporarily exclude a student from class, short-term suspend a student from school, recommend long-term suspension or expulsion for up to and including 186 school days.

The policy specifically cites "sexual harassment" as one of the types of misbehaviors for which disciplinary measures may be invoked.

47.     In violation of the District's own policies, and despite prior complaints of sexual misconduct by the perpetrator, Defendant District and its officials and employees, including but not limited to Defendant Hinson, Defendant McDonnell, Defendant Peters, and Defendant Denny, failed to prevent and remedy the sex discrimination/harassment Plaintiff endured.

48.     The actions and omissions set forth above by all of the defendants were committed with deliberate indifference towards the well-being and rights of Plaintiff.

49.     Defendants failed to adhere to the District's policies with respect to appropriately disciplining the perpetrator for his misconduct, and effectively preventing and remedying harassment.

50.     All of the Defendants have wholly failed to ensure that Plaintiff is in a learning environment free from assault, intimidation, harassment, humiliation, gender bias, and other discriminatory and bullying behaviors.

51.     All of the Defendants failed to take appropriate measures to ensure Plaintiff's safety and to discipline the perpetrator, due in part to Plaintiff's sex and gender.

52.     For example, Defendants gave the male perpetrator preferential treatment over the female Plaintiff by allowing the male perpetrator to apply non-school days toward his total number of days of suspension, whereas Defendants did not afford the female Plaintiff the same benefit in the past.

53.     Further, Defendants gave the male perpetrator preferential treatment by failing to properly address, investigate, and remedy his prior incidents of sexual assault, and by allowing him to continue to sexually assault female students such as Plaintiff.

54.     As a result of Defendants' acts and omissions alleged herein, Plaintiff has experienced humiliation, fear, anxiety, and other emotional distress.

## COUNT I
### Violation of Title IX, 20 U.S.C. § 1681, *et seq.*
### (Against All Defendants)

55.     Plaintiff incorporates by reference the above paragraphs as though fully set forth herein.

56.     Defendants do and have received federal financial assistance during all relevant times mentioned herein.

57.     Plaintiff was subjected to humiliating and demeaning conduct at the hands of another student based on Plaintiff's sex and gender, as alleged herein.

58.    The conduct was so severe, pervasive, and objectively offensive that the conduct, and Defendants' failure to respond effectively, deprived Plaintiff of access to benefits and opportunities provided by Defendants.

59.    School officials with authority to take corrective measures had actual knowledge of the actions and conduct of the perpetrator.

60.    Despite having knowledge of the harassing discriminatory conduct, and specifically sexual assault, on the basis of Plaintiff's sex and gender, Defendants failed to take corrective measures.

61.    Defendants acted with deliberate indifference to known acts of harassment and sexual assault toward Plaintiff and others.

62.    Defendants' acts and omissions constituted discrimination and indifference against Plaintiff on the basis of her gender.

63.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages including but not limited to emotional distress and mental anguish.

WHEREFORE, Plaintiff seeks judgment in her favor and against Defendants on Count I of the Complaint, for an award of compensatory damages, for her costs expended, reasonable attorneys' fees, and for such other relief as this Court deems just and proper.

## COUNT II
## Fourteenth Amendment, 42 U.S.C. § 1983
### (All Defendants)

64.    Plaintiff incorporates by reference the above paragraphs as though fully set forth herein.

65.    The above-described conduct by the individual Defendants, which is specifically set forth in the preceding paragraphs, violated the rights of Plaintiff not to be

deprived of equal protection of the laws on the basis of sex and/or gender as guaranteed by the Fourteenth Amendment of the Constitution of the United States and Section 1983 of Title 42 of the United States Code.

66.    Defendants deprived Plaintiff of the full benefits of education because of her sex and/or gender.

67.    Defendants Hinson, McDonnell, Peters and Denny deprived Plaintiff of a safe learning environment and one free from unwanted sexual conduct.

68.    Defendants Hinson, McDonnell, Peters and Denny in failing to protect Plaintiff, created an environment that fostered abuse and assault of Plaintiff by the perpetrator.

69.    The actions and conduct of the above-described perpetrators as set forth herein created a hostile, offensive and intimidating environment and detrimentally affected Plaintiff.

70.    The actions and conduct by the above described perpetrator as set forth herein were severe and pervasive and based on Plaintiff's gender as a female and constituted discrimination based on such sex and/or gender.

71.    The sexual assault suffered by Plaintiff is the result of a custom, practice, or policy of Defendant District that ignores or otherwise fails to address female victims' complaints of abuse and assault while seriously addressing and remedying male's complaints of abuse and assault, and/or giving preferential treatment to male students and perpetrators by failing to impose effective discipline to remedy and prevent discrimination and harassment directed toward female students like Plaintiff.

72.     The actions and omissions of Defendants Hinson, McDonnell, Peters and Denny, as set forth herein would have detrimentally affected a reasonable person of the same sex in Plaintiff's position.

73.     Despite having knowledge of such deprivation on the basis of Plaintiff's sex or gender, Defendants Hinson, McDonnell, Peters and Denny all failed to take corrective measures to remedy and prevent abuse and assault of Plaintiff based on her gender.

74.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages, including but not limited to emotional distress and mental anguish.

WHEREFORE, Plaintiff seeks judgment in her favor and against Defendants on Count II of the Complaint, for an award of compensatory damages against all Defendants, and for an award of punitive damages against Defendants Hinson, McDonnell, Peters and Denny, for costs expended, for reasonable attorneys' fees, and for such other relief as this Court deems just and proper.

### COUNT III
### 42 U.S.C. § 1983—State Created Danger
**(Against All Defendants)**

75.     Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

76.     Because Kansas has chosen to provide a free public education to its children, Plaintiff has a constitutional property right to a free public education protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

77.     Plaintiff also has a constitutional right to personal security, bodily integrity, to due process and to be secure and to be left alone, all protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

78.     Defendant District, and all individually named defendants, acting both in their capacity as agents of the District and individually at all times referenced in this Complaint, were acting under the color of state law.

79.     At the time of their actions, Defendant District and Defendants Hinson, McDonnell, Peters and Denny knew or should have known that sexual assault, sexual harassment, and sex discrimination existed within the Shawnee Mission School District.

80.     At the time of their actions, Defendants had actual and/or constructive knowledge of ongoing abuse of the kind suffered by Plaintiff at the hands of perpetrator, who was under Defendants' custody and control, and that the abuse was depriving Plaintiff of her right to an education, her right to bodily integrity, and her right to personal security.

81.     At the time of their actions, the District and the individually named defendants knew perpetrator was committing abuse and it was readily foreseeable that the abuse would continue into the future and result in the deprivation of Plaintiff's Constitutional rights to a public education, to personal security, to bodily integrity, and to be secure and left alone.

82.     Defendant District and the individually named defendants enhanced the danger to Plaintiff and rendered her more vulnerable to the deprivation of her rights to an education, to personal security, to bodily integrity, and to be secure and left alone through numerous affirmative acts, including but not limited to:

    a.  Affirmatively responding to reports of abuse by taking steps with the goal of protecting the school district rather than investigating the truth of the complaints;

    b.  Affirmatively continuing to allow perpetrator access to minor females;

    c.  Affirmatively committing other acts and omissions as yet undiscovered by Plaintiffs.

83.    Defendant District and the individually named defendants committed these affirmative acts with a deliberate indifference to, and reckless and willful disregard for, Plaintiff's constitutional rights. These affirmative acts increased the danger to Plaintiff and led to her injuries in that they:

    a.  Left Plaintiff at the mercy of perpetrator;

    b.  Encouraged further and ongoing abuse by sending the message to perpetrator that the school tacitly approved of the assaults and would not interfere in any way; and

    c.  Caused, increased and accelerated Plaintiff's emotional distress and despair.

84.    These affirmative acts by Defendant District and all named defendants, taken as a whole and in the context of known abuse in the District, increased the danger to Plaintiff and amount to egregious and outrageous behavior.

85.    Plaintiff has incurred emotional distress and mental anguish as a direct and proximate cause of Defendants' actions.

86.    By reason of the foregoing, Plaintiff has been damaged and is entitled to fair and reasonable compensation.

87.     Defendants' conduct which caused this damage showed complete indifference to and/or conscious disregard for the health and safety of Plaintiff and others, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff seeks judgment in her favor on Count III of the Complaint, for an award of compensatory damages, for an award of punitive damages against Defendants, for costs expended, hoer her attorneys' fees, and for such equitable and further relief as this Court deems just and proper.

**COUNT IV**
**Denial of Substantive Due Process through Policy, Custom and Practice**
**Of Failing to Respond to or Prevent Discrimination and Harassment**
**(42 U.S.C. § 1983)**
**(Against Defendant District)**

88.     Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

89.     The school district had actual and/or constructive notice of the consistent pattern of sexual abuse being committed by perpetrator, while perpetrator was a student within the Shawnee Mission School District.

90.     By rejecting and refusing to follow its applicable written policies and refusing to intervene to prevent or stop perpetrator's continuing pattern of discriminatory and  harassing misconduct toward Plaintiff and other students who were victims of abuse, the school district encouraged and participated in that conduct and demonstrated a deliberate indifference to and/or tacit approval of the offensive acts.

91.     By rejecting and refusing to follow its applicable written policies, and refusing to intervene to prevent or stop perpetrator's continuing pattern of discriminatory and harassing misconduct toward Plaintiff and other students who were victims of abuse, the District chose to engage in an official policy of inaction.

92.    The District's custom and practice of inaction was a moving force and direct link to the abuse of Plaintiff.

93.    The District was aware of the abuse, had the ability to control the situation and instead chose to do nothing to stop it.

94.    Plaintiff has suffered physical pain, emotional distress, and mental anguish as a direct and proximate result of Defendants' actions.

95.    Defendant's conduct which caused this damage showed complete indifference to and/or conscious disregard for the health and safety of Plaintiff and others similarly situated, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff seeks judgment in her favor and against Defendant on Count IV of the Complaint, for an award of compensatory damages, for an award of punitive damages against Defendant, for her attorneys' fees and for such other equitable and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on Counts I through IV alleged herein.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas, as the place of trial.

HOLMAN SCHIAVONE, LLC


By: _/s/Anne Schiavone_____
    Anne Schiavone, KS Bar 19669
    Kathleen E. Mannion, KS Bar 25362
    4600 Madison Avenue, Suite 810
    Kansas City, Missouri 64112
    Telephone: 816.283.8738
    Facsimile: 816.283.8739
    Email: aschiavone@hslawllc.com
    Email: kmannion@hslawllc.com

    ATTORNEYS FOR PLAINTIFF